CHRISTIAN M. MORRIS, ESQ.
Nevada Bar No. 11218
SARAH E. DISALVO, ESQ.
Nevada Bar No. 16398
**CHRISTIAN MORRIS TRIAL ATTORNEYS**
2250 Corporate Circle, Suite 390
Henderson, Nevada 89074
Telephone: (702) 434-8282
Facsimile: (702) 434-1488
Christian@CMTrialAttorneys.com
Sarah@CMTrialAttorneys.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| HEATHER RINGO, an individual,<br><br>　　　　　　　Plaintiffs,<br>vs.<br><br>GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY, a foreign corporation, AUTO INJURY SOLUTIONS, INC., a foreign corporation; DOES 1 through 10; XYZ CORPORATIONS 11 through 20; and ABC LIMITED LIABILITY COMPANIES 21 through 30, inclusive,<br><br>　　　　　　　Defendants. | CASE NO: 2:24-cv-00013-JAD-EJY<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**(FOURTH REQUEST)** |

　　　　Plaintiff, HEATHER RINGO ("Plaintiff") and Defendant GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY ("Garrison" or "Defendant" and together with Plaintiff collectively referred to as the "Parties"), by and through their respective undersigned counsel, hereby stipulate and agree to extend the discovery deadline by sixty (60) days. This is the fourth stipulation to extend discovery deadlines.

A.　　**DISCOVERY THAT HAS BEEN COMPLETED**

　　**Plaintiff**

　　1.　　Plaintiff made initial disclosures on February 5, 2024.

2. Plaintiff made her first supplemental disclosures on April 2, 2024.

3. Plaintiff made her second supplemental disclosures on June 14, 2024.

4. Plaintiff made her third supplemental disclosures on July 19, 2024.

5. Plaintiff made her fourth supplemental disclosures on August 23, 2024.

6. Plaintiff sent Defendant requests for production and interrogatories, and Defendant responded to that discovery.

7. Plaintiff took the depositions of Mara Kilpatrick and Stephanie Zander.

**Defendant**

1. Defendant made initial disclosures on February 5, 2024.

2. Defendant made its first supplemental disclosures on May 23, 2024.

3. Defendant made its second supplemental disclosures on July 1, 2024.

4. Defendant made its third supplemental disclosures on August 6, 2024.

5. Defendant made its fourth supplemental disclosures on October 1, 2024.

6. Defendant made its fifth supplemental disclosures on October 4, 2024.

7. Defendant subpoenaed approximately 20 Plaintiff's medical providers pharmacies.

8. Defendant sent Plaintiff requests for admission, interrogatories and requests for production, and Plaintiff responded to that discovery.

9. Defendant made its sixth supplemental disclosure on January 17, 2025.

10. Defendant served amended responses to Plaintiff's interrogatories on January 29, 2025.

11. Defendant scheduled and conducted an Independent Medical Examination of Plaintiff;

B. **DISCOVERY REMAINING**

1. Plaintiff's supplemental FRCP disclosures;

2. Defendant's supplemental FRCP disclosures;

3. Initial and supplemental expert disclosures;

4. Deposition of Plaintiff;

2

5. Deposition of Defendant;

6. Depositions of the parties' lay witnesses;

7. Depositions of the parties' expert witnesses; and

8. Any other potential depositions or written discovery which may become necessary as discovery continues.

## C.  REASONS REMAINING DISCOVERY CANNOT BE COMPLETED WITHIN THE TIME SET BY PRIOR DISCOVERY PLAN

The parties have engaged in discovery in this case. Plaintiff has deposed Defendant's claims adjusters. Plaintiff has completed her Independent medical examination. Plaintiff's deposition is currently scheduled for April 4, 2025. Both parties have served written discovery. The parties have discussed settlement, and Defendant has represented it would need to Plaintiff to complete an IME before a mediation would be fruitful.

The parties request an extension to allow their respective experts to have time to review Plaintiff's deposition transcript and the report created for Plaintiff's Independent Medical Examination. Good cause exists for this extension because they are working cooperatively in discovery, are working towards a mediation, and wish to avoid unnecessary motion practice.

No party will be prejudiced by the extension, and the requested extension is made in good faith and not for purposes of delay. Based on the foregoing, the parties respectfully request that the Court grant their joint request to extend the deadline in accordance with the requested amended discovery deadlines.

## D.  PROPOSED SCHEDULE FOR COMPLETING REMAING DISCOVERY

| Event | Current Deadline (ECF No. 37) | ~~Proposed~~ Deadline |
|---|---|---|
| Initial Expert Disclosure | 04/04/25 | **06/04/25** |
| Rebuttal Expert Disclosure | 05/02/25 | 07/02/25 |
| Close of Discovery | 06/06/25 | 08/06/25 |
| Dispositive Motion | 07/07/25 | 09/08/25 |

///

3

E. **CURRENT TRIAL DATE**

A trial date has not been set.

This request is made in good faith and not for the purpose of delay.

DATED this 26th day of March 2025.                    DATED this 26th day of March 2025.

**CHRISTIAN MORRIS TRIAL ATTORNEYS**        **SPENCER FANE, LLP**

/s/ *Sarah DiSalvo*                                                   /s/ *Mary Bacon*

CHRISTIAN M. MORRIS, ESQ.                             MARY E. BACON, ESQ.
Nevada Bar No. 11218                                           Nevada Bar No. 12686
SARAH E. DISALVO, ESQ.                                    JESSICA E. CHONG, ESQ.
Nevada Bar No. 16398                                           Nevada Bar No. 13845
2250 Corporate Circle Suite 390                            300 South Fourth Street, Suite 1600
Henderson NV 89074                                             Las Vegas, Nevada 89101
*Attorney for Plaintiff*                                              *Attorneys for Defendant USAA Casualty Insurance Company*

**ORDER**

IT IS SO ORDERED.

_____
U.S. MAGISTRATE JUDGE

Date: March 26, 2025

4