UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HEATHER RINGO,<br><br>    Plaintiff,<br><br>v.<br><br>GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY, et al.,<br><br>    Defendants. | Case No. 2:24-cv-00013-JAD-EJY<br><br>**ORDER** |

**I.    Background**

Pending before the Court is Plaintiff's Motion to Strike Defendant's Seventh Supplemental F.R.C.P. 26(a)(1) Disclosures (the "Disclosure" or "Disclosures"), filed on March 6, 2025. ECF No. 42.[1] There is no dispute that Defendant's Disclosures were "submitted" to Plaintiff on January 17, 2025 (ECF No. 42 at 3), and, at that time, discovery did not close until April 7, 2025. ECF No. 35. There is also no dispute that less than two weeks later—that is, on January 30, 2025—the parties stipulated to extend discovery to June 6, 2025 (ECF No. 37), which provided Plaintiff with close to five months of discovery after the documents produced by Defendant were received by Plaintiff. Plaintiff nonetheless argues the disclosures were so late that they must be struck.

**II.   Discussion**

Rule 26 of the Federal Rules of Civil Procedure requires parties to promptly disclose the identity of each witness and document or other exhibit it intends to present at trial. Fed. R. Civ. P. 26(a)(3)(A). Documents and witnesses not disclosed as required by Rule 26 are precluded from use as evidence in support of motions, hearings, or a trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *R & R Sails, Inc. v. Insurance Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012). When assessing whether a violation of Rule 26(a)(3)(A) is substantially justified or harmless, the Court considers: "(1) prejudice or surprise to the party against whom the evidence is

---

[1]    The sealed version of this Motion was filed at ECF No. 43.

1

offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Ruiz v. Walmart Inc.*, Case No. CV 20-01129-RAO, 2021 WL 4796960, at *3 (C.D. Cal. Apr. 27, 2021), *quoting Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed.Appx. 705, 713 (9th Cir. 2010) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)). *See also Monroe v. Davis*, Case No. 2:13-CV-00863-GMN-NJK, 2014 WL 3845121, at *2 (D. Nev. Aug. 4, 2014). The non-compliant party has the burden to show that its discovery error was substantially justified or harmless. *Marquez v. Okuma America Corp.*, Case No. 2:20-cv-11120-JVS (JPRx), 2022 WL 2062328, at *2 (C.D. Cal. May 4, 2022) (citing *R&R Sails, Inc.,* 673 F.3d at 1246; *Yeti by Molly, Ltd.*, 259 F.3d at1107.

Importantly, as indicated by the language of Rule 37, the exclusion sanction under Rule 37(c)(1) is not mandatory. *Rago v. Select Comfort Retail Corp.*, Case No. ED CV 19-2291-FMO (SPx), 2020 WL 8611033, at *4 (C.D. Cal. Dec. 9, 2020). The decision to exclude evidence is discretionary, and district courts are granted "particularly wide latitude" to issue sanctions under Rule 37(c)(1). *Id.*, *citing Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 859 (9th Cir. 2014); *see also Cortez v. Chipotle Mexican Grill*, Case No. CV 17-4787-GW (JPRx), 2018 WL 6017033, at **13-14 (C.D. Cal. May 7, 2018) (ordering additional discovery to be conducted instead of Rule 37(c)(1) sanctions because the late disclosure was not so harmful as to justify exclusion of these documents at trial). Indeed, Rule 37(c)(1) states: "In addition to or instead of … [the exclusion] sanction, the court, on motion and after giving an opportunity to be heard (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi)."

Plaintiff contends Defendant unnecessarily and prejudicially delayed producing documents until January 17, 2025. At the risk of redundancy, the Court notes that Defendant's January 2025 Disclosure was close to three months before the close of discovery on April 7, 2025, and close to five months before the close of discovery once the stipulation to which the parties agreed on January 30, 2025 was granted. ECF Nos. 37, 38. These undisputed facts undermine Plaintiff's contention of prejudice. The totality of the facts also demonstrates the documents were not a surprise, there is

the ability to cure any disadvantage Plaintiff may claim, there is no disruption to a trial, and there is no evidence of bad faith.

Defendant explains that its February 5, 2024 initial disclosure referenced the AIS documents produced in January 2025, including the social media investigation and nurses report to which Plaintiff refers. ECF No. 53 at 4 n.19 *citing* ECF No. 42-6 at 3 (providing a long list of Bates stamped documents including, but not limited to, the statement that "Garrison provided Plaintiff with the AIS review of billing records at Garrison_Ringo_000559-564"). Defendant also explains it produced the entire AIS file in response to Plaintiff's discovery request, the at-issue nurse review was performed through AIS and was, therefore, in the AIS file, and the medical and social media canvas were not in the claims file for reasons explained by claims adjuster Mary Kilpatrick at her January 13, 2025 deposition. ECF No. 42-5 at 3.

Further, while Plaintiff propounded her first set of Requests for Production on April 2, 2024, and responses were provided on May 29, 2024, Plaintiff admits she did not hold a meet and confer regarding alleged incomplete responses until September 11, 2024—approximately three and one-half months later. ECF No. 54 at 6. Defendant then supplemented its disclosures approximately four months later on January 17, 2025. *Id*. The Court finds both parties engaged in some delay, but any prejudice that may have attached to that delay was ameliorated through cooperation leading to an extension of discovery.

Plaintiff mentions the expert disclosure deadline of April 4, 2025 (ECF No. 42 at 4); however, this was more than two full months after Defendant's Disclosures. Plaintiff does not state her expert was prohibited from issuing a full report or was otherwise in some way impeded from performing the work for which he/she was engaged. *See id.*, *generally*. Moreover, Defendant is willing to produce its two claims adjusters for second depositions and has offered an additional extension of discovery to accommodate any other discovery Plaintiff believes is necessary. ECF No. 53 at 12.[2]

---

[2] The Court finds Plaintiff's reliance on *Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185 (9th Cir. 2022), is inapposite to its holding. The decision demonstrates that even when inadequate Rule 26 disclosures are made, harsh sanctions under Rule 37(c)(1) are unwarranted upon a finding of harmlessness. *Id*. at 1190.

3

Finally, striking Defendant's January 2025 Disclosures is unsupported in light of the fact that not only was there almost five months of discovery remaining after the January Disclosures, but also because no trial has been set and, most significantly, Plaintiff admits that:

> [t]he importance of … [Defendant's] … [January 2025] Disclosures appears to be minimal when examining the key components of the newly revealed documentation. The AIS file, despite its substantial volume consisting of thousands of pages of medical bill adjustments, analyses, and correspondence, seems to have little significance in Plaintiff's first-party claim." *Id*. at 3, 11.

*Id*. at 11. While Plaintiff says she did not have adequate time to thoroughly review documents disclosed on January 17, 2025, this is belied by the above admission coupled with the extension of discovery through June 6, 2025.

Based on the foregoing, Defendant's January 17, 2025 Disclosure was not a surprise and was without prejudice. When considering the five month discovery period remaining after the Disclosure was made, the lack of any evidence demonstrating bad faith, Defendant's offer to cure, and the admitted minimal importance of the documents, the Court finds there is no basis for granting the sanction Plaintiff seeks. However, the Court exercises its broad authority to manage discovery and grants sanctions as stated below.

**III.   Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Strike Defendant's Seventh Supplemental F.R.C.P. 26(a)(1) Disclosures (ECF Nos. 42, 43) are DENIED.

IT IS FURTHER ORDERED that discovery is reopened for a period of 60 days, measured from July 1, 2025 through August 29, 2025. During this time Plaintiff may, if she so chooses, re-depose Defendant's claims adjusters so that inquiry may be made regarding information contained in Defendant's January 17, 2025 disclosures. Defendant must make the claims adjusters available in person or by video conference at Plaintiff's request.

IT IS FURTHER ORDERED that if Plaintiff believes there is additional discovery she must conduct, she must meet and confer with Defendant before propounding or seeking such discovery. If there is disagreement regarding whether such discovery may proceed, the parties are to file a Notice Regarding Discovery Dispute with the Court briefly explaining the disagreement. The Court will either promptly hold a hearing or issue an order in response.

IT IS FURTHER ORDERED that because Defendant's January 17, 2025 Seventh Supplemental Disclosure was not made until after the deposition of claims adjuster Mara Kilpatrick, the cost of Plaintiff's transcript for Ms. Kilpatrick's second deposition, if any, is to be borne by Defendant.

IT IS FURTHER ORDERED that the dispositive motion deadline is advanced to **September 30, 2025**. The proposed joint pretrial order is due **October 31, 2025**; provided, however, if a dispositive motion is pending on this date, the due date for the proposed joint pretrial order is automatically advanced to thirty (30) days after such motion is resolved.

Dated this 30th day of June, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE